The Pit. declares upon an Indeb. Assumpsit for Money & Tob’o had & reced to his Use Upon Non assumpsit pleaded the Jury find a Special Verdict Upon which the Case appears to be That the Pit. was Sherif of New Kent Anno 1733 & had the [ 149] collection of the Quit rents Levies & Fees one Birch was his Undersherif & paid him 5000. lbs. Tob’o for the profits of his Office There was due from the Deft. 6. . 12 . . 4 for quit rents & 7737 lbs. Tob’o for County Levies & Officers Fees of his own & other peoples that he had received Birch being indebted to the Deft, more than that Money & Tob’o before the Year 1733 gives the Deft, receits for those Quitrents Levies &c. And gives himself Credit in the Defts. Book for the same but no Mony [sic] or Tob’o was paid Except by that Discount And the Deft. *B158 or Birch have not paid the Pit. any Part of that Money & Tob’o If the Law befor the Pit. the Jury find 71-1-10 Dam’a
The Questions upon this Case I take to be two. 1. Whether the Deft, is chargeable at all to the Pit. for the Quitrents &c. discounted with Birch the Undersherif & for which he has his Receits. 2. If he be, Whether the Pit. can maintain an Indeb. assumpsit for the Quitrents &c. due from the Deft, himself
There is a Difference taken as to the Mony rec’d for Quitrents & the Tob’o rec’d for Levies & Fees. The Quitrents are sayed to be the Kings Treasure & coming to the Defts. Hands he is answerable And so perhaps he would to the King if we were in a dispute with the Crown for it must be owned the Law is particularly careful to secure the Kings Debts. His Treasure is looked upon as the Treasure of the Comonwealth which is pads vinculum et bellorum nervi And therefore he has sundry Prerogatives for obtaining them He can have Exon of Body Lands & Goods at once A subject can have no Exon ag’t the King’s Debtor without first securing the King’s Debt (p 33. H. 8. c. 39. if process for the King be comenced before Judgment) The King shall have Remedy ag’t the Debtor of his Debtor cum multis aliis If a Man intermeddle with the Kings Treasure pretending Title he shall be answerable for it to the King 11. Rep. 89. E. of Devonshire — Godb. 291. 292.
All this is true but nothing to the purpose the Question here is not between the King & a Subject Nor ought the Money in this Case as I conceive be regarded as the Kings Debts It seems therefore foreign & absurd to talk of his Prerogative The Case as to this Point is no more than this An Officer of the Crown employs a person under him who receives the Kings Money & pays it to a third Person The Officer sues this 3. Person for Mony received to his Use How is the King concerned in all this Will his Treasure be impaired if the Pit. should not recover How then can this be regarded as his Debt Is the Pit. intitled to an Exon ag’t Body Lands & Goods Will he be preferred to another Subject in the Point of Exon. Can the Pit. have Remedy ag’t the Debtor of the Deft. If I am answered in the Negative as sure I must be it will be evident to a Demonstration this is not the Kings Debt nor can be regarded as such if it was the Pit. would have all these Privileges Therefore without entering into the Dispute whether the Deft, would be answerable to the King or not [150] which I conceive is nothing at all to this Case *B159 I shall close this Point with an Observation of Sir M. Hale that To make the Kings Prerogative a State to recover other Mens Debts is unreasonable inconvenient & mischievous. Hard. 404.
This plausible Pretence of the Kings Debt being removed the Case is in short this An Undersher who had farmed the Profits of the Sher Office directs a Person to whom he is indebted to receive divers Quitrents Levies & Fees And disco’ts them together with what this Person owed himself on the same Account but of his own private Debt & gives Rect’s The Undersher proves insolvent the Sher is forced to pay the King & public Officers And whether the Sher can recover ag’t the Person who reced these Quitrents by the Undersherifs Order is the Question
It is sayed if a Master send his Serv’t to receive Mony & the Serv’t pays it again to the Person he received it of in discharge of his own Debt this shall be taken as Mony reced to the Masters Use And I agree that it will be so But then I think that is nothing like the Case at Bar
The Undersherif here cannot be taken as a Serv’t He had farmed the Office for a great Premium & so was not subject to the Direction or Controul of the Sher who had delegated his whole Power to him & therefore had no Right to intermeddle in the Receits & Paiments but the Undersherif was surely to manage that & everything else relating to his Office as he thought most for his own Advantage & Benefit It is inconsistent in the Nature of the Thing that the Sher should intermeddle for by that Means he might deprive the Undersherif of all the Profits which he paid so largely for
If the Sherif then had no Power to direct the Rec’ts & Paiments or in any Manner to controul the Undersherif How can the Undersherif be regarded as his Servant Or. how can Mony reced by the Order of the Undersher be Mony reced to the Sherifs Use
The Case therefore is not like that of the Master & Serv’t for there is an apparent Fraud & the Person receiving the Mony knows very well it is the Masters & therefore it is reasonable he should be answerable to the Master But in the Case at Bar I conceive the Mony & Tob’o was in no sort the Sherifs nor subject to his Disposal (tho’ it be true that he is answerable to the King & Public Cred’rs). He had fully authorised the Undersher to receive & pay The Deft, transacted this Matter with the Person so authorised & who alone had a Right to transact it
*B160 If I employ a Factor and he pays his Debts with my Effects what Remedy have I ag’t his Cred’rs
[151] Suppose the Undersher had actually reced this Mony & Tob’o & paid the same to the Deft. Could the Sher then have demanded it as Mony reced to his Use I believe not I cannot then conceive any Difference in the Reason of the Thing between actually receiving & paying & discounting as in this Case
This Case is of very general Concern Almost every Man pays his Quitrents See. to the Undersherif And often no doubt by Way of Disco’t where a Man has an Acco’t open with the Undersherif And this I believe is the first Time such a Paiment has been disputed But hereafter it will be unsafe to transact any Business with an Undersherif if the Deft, is chargeable in this Case And I must submit whether such a Determination will not be introductive of a general Inconvenience
But here it is pretended there is a mighty Fraud because the Mony was never actually paid to the Sher I cannot conceive in what this Fraud consists A public Collector being indebted to a Man appoints him to receive some public Debts & then allows him to apply them in Discharge of his own private Debt New Men I believe would scruple to do this or think it any Point of Dishonesty or Fraud And as to the Mony not being actually paid That is answered before
The 2. Question is Admitting the Deft, is answerable Whether the Pit. can maintain an Indeb. assumpsit for Mony Sec. reced to his Use for the Defts. own Quitrents Sec. paid the Undersherif by Way of Disco’t as appears in this Case And I conceive he cannot
This Disco’t must be admitted to be a Paiment or not a Paiment If it be a paiment the Undersher was sufficiently authorised to receive them His Discharge we have 8e there can be no Foundation for this Action as to them If this Discount be not a Paiment as has been strongly urged It must be owned they are still due But then the Remedy to recover them is not by Action but Distress Nay there is an express Law that no Action shall be brought unless the Party be returned insolvent What Pretence then has the Sher to maintain this Action or indeed any Action at all Certainly if these Quitrents Sec. are not paid they must be recovered in the Name of the King & the Officers to whom they are due
I conceive the Pit. has no Right to recover any Part of this *B161 Mony & Tob’o of the Deft. Much less can he maintain this Action for the Defts. own Quitrents And the Law be ag’t the Pit. upon either Point Judgm’t must be given ag’t him the Dam’s being entire
Sir J. R. for the Pit.
It was not insisted that this was to be regarded as the Kings Debt But he insisted the Undersherif was no more [152] than a Servant and cited Dalt. Off. Sher. That if a Serv’t is sent to receive Mony & gives a Discharge without receiving it that Discharge shall not bind the Master That it was a gen’l Rule a Master was not bound by the Act of a Serv’t if the Serv’t did not pursue the Authority given by the Master And cited Doctor & Student Dial. 2 c. 42. p. 258. 6. Mod. Ward v Evans, fo. 36.
He sayed this was a Fraud & Covin between the Undersher & Deft. & a covinous Paiment was not good 1. Keb. 300. A man was indicted for paying his poors Rate to an indigent Overseer ag’t the Order of the Justices And 5. Co. 95. Goodals Case where a pretended Paim’t of Mony to satisfie a Condition was not good
But neither of the Cases seem to the Purpose that in Keb. does not say the Paim’t was not good but the Man was indicted for disobeying the Justices Order. And in Goodals Case the Reason given is because an Estate of Inheritance by the Paiment of the Mony was to be devested and therefore it ought to be a true Paim’t & Performance of the Condition
Judgm’t for the Pit. October 1735.
Lee, Randolph, Grymes Carter, Diggs & the Gov’r for the Pit.
Lightfoot, Tayloe, Custis Robinson, Byrd for Deft, Blair gave no Opinion
For the Point of Master & Serv’t see 3. Sal. 234.
Vide Sir J. Randolph’s Argument Fr. Pit. No. 56.